# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1548V
Filed: April 19, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BERNADETTE DICIANNI, and, * <br> MICHAEL SZILAGYI, parents of D.S., * <br> A minor, * <br>   * <br> Petitioner, * <br> v.   * <br>   * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br>   * <br> Respondent. * <br>   * | Joint Stipulation on Damages; <br> Measles-Mumps-Rubella ("MMR"); <br> Thrombocytopenic purpura; <br> Special Processing Unit ("SPU") |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On December 18, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that D.S. suffered thrombocytopenic purpura following his December 26, 2012 measles-mumps-rubella ("MMR") vaccination. Petition at 1; Stipulation, filed April 18, 2017, at ¶ 4. Petitioner further alleges that D.S. sustained the first symptoms or manifestation of onset of thrombocytopenic purpura within the time period set forth in the Vaccine Injury Table, that he experienced residual effects of this injury for more than six months after vaccination, that there is not a preponderance of evidence that D.S.'s condition is due to a factor unrelated to his December 26, 2012 MMR vaccination, and that there has been no prior award or settlement of a civil action for damages on behalf of D.S. as a result of his condition. Petition at 11; Stipulation at

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

¶¶ 4-5. Accordingly, the parties stipulate that "petitioners are entitled to compensation under the terms of the Vaccine Program." Stipulation at ¶ 7.

On April 18, 2017, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

- **A lump sum of $93,109.00 in the form of a check payable to petitioners as guardians/conservators of the estate of D.S**.

- **A lump sum of $1,891.00, which amount represents reimbursement for out-of-pocket expenses, in the form of a check payable to petitioners in their individual capacity.**

These amounts represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a). *Id*. Stipulation at ¶ 8

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BERNADETTE DICIANNI<br>and MICHAEL SZILAGYI,<br>parents of D.S., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent. | No. 15-1548V (**ECF**)<br>Chief Special Master Dorsey |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Bernadette Dicianni and Michael Szilagyi, petitioners, on behalf of D.S., a minor, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to D.S.'s receipt of the measles-mumps-rubella ("MMR") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. D.S. received the MMR vaccine on or about December 26, 2012.

3. The vaccine was administered within the United States.

4. D.S. sustained the first symptom or manifestation of onset of thrombocytopenic purpura within the time period set forth in the Table, and experienced the residual effects of this injury for more than six months after vaccination.

5. There is not a preponderance of evidence demonstrating that D.S.'s condition is due to a factor unrelated to his December 26, 2012 MMR vaccination.

6. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of D.S. as a result of his condition.

7. Accordingly, petitioners are entitled to compensation under the terms of the Vaccine Program. Therefore, a decision should be entered awarding compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), respondent will issue the following vaccine compensation payments:

> a. A lump sum of $93,109.00 in the form of a check payable to petitioners, as guardians/conservators of the estate of D.S; and
>
> b. A lump sum of $1,891.00, which amount represents reimbursement for out-of-pocket expenses, in the form of a check payable to petitioners in their individual capacity.
>
> These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the Chief Special Master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et. Seq.)), or entities that provide health services on a pre-paid basis.

2

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.S. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of D.S.'s estate under the laws of the State of Illinois. No payments pursuant to this Stipulation shall be made until petitioners provide respondent with documentation establishing their appointment as guardians/conservators of D.S.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of D.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of D.S. upon submission of written documentation of such appointment to respondent.

14. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioners, in his individual capacities and as legal representatives of D.S., on behalf of themselves, D.S., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and respondent from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or

nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.S. resulting from, or alleged to have resulted from, the vaccination administered on or about December 26, 2012, as alleged by petitioners in a petition for vaccine compensation filed on or about December 18, 2015, in the United States Court of Federal Claims as petition No. 15-1548V.

15. If D.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the Chief Special Master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of D.S.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

_____
BERNADETTE DICIANNI

PETITIONER:

_____
MICHAEL SZILAGYI

ATTORNEY OF RECORD FOR
PETITIONER:

_____
EDWARD KRAUS
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
(312) 906-5072

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
NARAYAN NAIR, M.D.
Director, Division of Vaccine
Injury Compensation (DVIC), Acting Director
Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0274

Dated: April 18, 2017